Case 4:20-cv-05197-JAG    ECF No. 24    filed 09/06/22    PageID.890    Page 1 of 15

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM R., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 4:20-CV-05197-JAG <br><br><br> ORDER GRANTING <br> DEFENDANT'S MOTION <br> FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 19, 21. Attorney Chad Hatfield represents William R. (Plaintiff); Special Assistant United States Attorney Edmund Darcher represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## I. JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in February 2018, alleging disability since January 1, 2015, due to PTSD, migraines, ADHD, memory problems, and back problems. Tr. 60-61. The applications were denied initially and upon reconsideration. Tr. 118-24, 126-31. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on March 18, 2020, Tr. 39-59, and issued an unfavorable decision on April 2, 2020. Tr. 15-27. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on August 18, 2020. Tr. 1-5. The ALJ's April 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 19, 2020. ECF No. 1.

## II. STATEMENT OF FACTS

Plaintiff was born in 1975 and was 39 years old as of his alleged onset date. Tr. 25. He has a GED and additional schooling in graphic design. Tr. 286, 292, 730. His past work was primarily in door-to-door sales. Tr. 224, 286, 292. Plaintiff has alleged limitations stemming from childhood trauma, depression and anxiety, numerous motor vehicle accidents and head injuries, and an inoperable cyst in his brain. Tr. 274, 285-86, 291-92, 686, 725, 729.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On April 2, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder, agoraphobia, PTSD, and polysubstance use disorders. *Id.*

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at all exertional levels, except:

> He is limited to simple and low-level detailed tasks consistent with reasoning level 3 or less; and he can have only occasional, superficial contact with coworkers and the public.

Tr. 20.

At **step four**, the ALJ made no findings about past relevant work. Tr. 25

At **step five**, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of laundry worker, warehouse worker, and industrial cleaner. Tr. 25-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 26.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by: (1) improperly evaluating the medical opinion evidence; (2) rejecting numerous impairments at step two; (3) failing to conduct and adequate step three evaluation; (4) improperly rejecting Plaintiff's subjective complaints; and (5) failing to conduct an adequate step five analysis.

## VII.  DISCUSSION

A.  **Plaintiff's Subjective Statements.**

Plaintiff alleges the ALJ improperly disregarded his subjective symptom reports. ECF No. 19 at 19-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found

Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations to be undermined by his minimal mental health treatment, evidence of exaggeration and secondary gain, largely unremarkable mental status exams, no evidence substantiating Plaintiff's many alleged physical problems, inconsistent statements about treatment and substance abuse, and a minimal work history. Tr. 21-23.

Plaintiff argues the ALJ erred by failing to consider the waxing and waning of mental health symptoms and that Plaintiff's sporadic engagement in treatment was a result of his mental impairments. ECF No. 19 at 20. He further argues that the ALJ failed to provide any specific examples of inconsistent statements, symptom magnification, or a weak work history. *Id.* Defendant argues the ALJ reasonably considered the largely unremarkable objective evidence, Plaintiff's disregard of treatment recommendations, his lack of mental health treatment for long periods, his inconsistent reporting of substance abuse, and his minimal work history in finding his complaints unsupported. ECF No. 21 at 5-9. Defendant also asserts the ALJ reasonably found Plaintiff's allegations of extreme injuries in the past to be at odds with the medical record to a degree that suggested exaggeration or fabrication. *Id.* at 3-4.

The Court finds the ALJ did not err. An ALJ may consider contradictions with the medical record in assessing the reliability of a claimant's statements. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2003). The ALJ noted numerous allegations made by Plaintiff that were not reflected in the records, including his alleged long history of motor vehicle accidents, broken bones, frequent migraines, and alleged pineal cyst. Tr. 22. The lack of *any* confirming evidence for these allegations other than Plaintiff's own statements, and the normal physical exams contradicting his reports, were reasonable factors for the ALJ to consider. Notably, Plaintiff's claims about broken bones, severe

motor vehicle accidents, and a diagnosed pineal cyst would be easily verifiable through medical records and accident reports if the claims were true.

An ALJ may also properly consider evidence of a claimant's substance use and evidence of drug-seeking behavior in assessing a claimant's reports. *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding); *Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir. 2001) (ALJ properly considered drug-seeking behavior). The ALJ noted the record contained inconsistent reports of Plaintiff's substance use history and an incident of Plaintiff being unhappy when a provider would not give him stronger pain medication. Tr. 23, 342, 735. These were legitimate factors for the ALJ to consider.

While it cannot serve as the sole basis for disregarding a claimant's reports, support from objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's interpretation of the objective records as not substantiating Plaintiff's complaints was reasonable and supported by the largely unremarkable mental status exams and normal physical exams. Tr. 21-22. The Court therefore finds the ALJ offered sufficient clear and convincing reasons for discounting Plaintiff's subjective reports.

**B.    Opinion Evidence.**

Plaintiff alleges the ALJ erred by failing to properly consider and weigh the opinion evidence. ECF No. 19 at 8-18.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including

those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a

treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

1. **_Dr. Virginia Frazer._**

Plaintiff's treating naturopath, Dr. Frazer, completed a letter in February 2019 stating Plaintiff was permanently disabled by unremitting migraines cause by an inoperable cyst. Tr. 747. In February 2020 she completed a medical source statement noting Plaintiff's diagnoses included pineal migraines, depression, anxiety, and PTSD, and that they would result in plaintiff being absent four or more days per month, being limited to sedentary work with only occasional use of his hands for handling and fingering, and being off-task more than 30% of the time. Tr. 741-43.

The ALJ found these opinions to be unpersuasive. Tr. 25. He noted the check box form contained little explanation and what explanation was offered bore no rational relation to the limitations proposed. *Id.* The ALJ further found the 2019 letter made it clear Dr. Frazer was relying on a condition for which there was no objective evidence, and that the letter commented on an issue reserved to the Commissioner. *Id.*

Plaintiff argues the ALJ must consider the check box form along with the accompanying treatment records, and asserts that the opinion clearly explained that the limits stemmed from headaches, migraines, back pain, and anxiety. ECF No. 19 at 10. He further argues that the opinion is supported by and consistent with the evidence. *Id.* Defendant argues the ALJ reasonably found the opinions to be poorly supported and inconsistent with the medical records, given the lack of objective evidence confirming any actual brain cyst diagnosis and Dr. Frazer's lack of explanations and her statement that "no recent tests" had been performed. ECF No. 21 at 11-13.

The Court finds the ALJ did not err. He discussed the most important factors of consistency and supportability, noting the lack of evidence in the file to confirm

the diagnosis of a brain cyst and Dr. Frazer's own statement that no tests had been done recently to objectively confirm the reported symptoms. Tr. 741. Plaintiff argues the opinion must be read in conjunction with the treatment records, but Dr. Frazer's records consist of only a few pages of hand-written notes, primarily noting Plaintiff's subjective complaints, and documenting no objective testing or other evidence supportive of the opinions. Tr. 746-49. The ALJ's rationale is supported by substantial evidence.

      2.     *__Dr. Phillip Barnard.__*

In January 2018 Plaintiff attended a consultative psychological exam with Dr. Phillip Barnard. Tr. 291-96. Dr. Barnard noted diagnoses of PTSD, ADHD, and dysthymic disorder, and opined Plaintiff would have moderate and marked limitations in completing various basic work activities. Tr. 293-94.

The ALJ found this opinion unpersuasive, noting it was a check box form with little meaningful explanation, was inconsistent with providers' largely intact mental status exam findings and the record as a whole, and that Dr. Barnard's opinion assessing issues with simple and detailed tasks conflicted with his own exam findings showing excellent cognitive abilities. Tr. 24. The ALJ further noted the opinion from reviewing doctor Phyllis Sanchez, which stated there was no support for some of Dr. Barnard's diagnoses and no justification for any of the marked ratings, which the ALJ found to be supported by explanation and consistent with the longitudinal record. *Id.*

Plaintiff argues Dr. Barnard did not assess any cognitive limitations and Plaintiff did not allege such difficulties, thus making the ALJ's findings regarding the cognitive testing results irrelevant. ECF No. 19 at 12. He further argues that the record shows deficits in memory, concentration, and focus, and the objective findings from the exam support the assessed limitations. *Id.* at 12-14. Defendant argues the ALJ reasonably found the opinion to be poorly explained and poorly

supported, and inconsistent with the record as a whole, as supported by Dr. Sanchez's review. ECF No. 21 at 13-15.

The Court finds the ALJ did not err. He reasonably discussed the factors of consistency and supportability, noting the lack of explanation from Dr. Barnard for the marked limitations and his largely normal mental status and other exam findings. Tr. 24. The Court finds the ALJ's reliance on Dr. Sanchez's report provides substantial evidence for his conclusions.

### 3.   *Dr. David Morgan.*

In November 2019 Plaintiff attended a consultative psychological exam with Dr. David Morgan. Tr. 729-33. Dr. Morgan diagnosed Plaintiff with agoraphobia and major depressive disorder, and opined he had marked and severe impairments in almost all areas of work-related functioning. Tr. 730-31.

The ALJ found this opinion to be unpersuasive, noting it was a cursory evaluation with no explanation to support the limits. Tr. 24. The ALJ further noted the report was internally inconsistent with the largely intact mental status findings and was inconsistent with the longitudinal record showing normal intelligence testing, minimal mental health treatment, and largely intact mental status exams. *Id.* Finally, the ALJ noted the opinion was inconsistent with that of the state agency doctors and expressly disclaimed usefulness for any purpose other than DSHS disability purposes. *Id.*

Plaintiff argues the clinical interview and various reported symptoms were supportive of the opinion, and that the record contained notations of tangential thought process, memory deficits, and impairment in attention and concentration, largely included in records that were not reviewed by the state agency doctors. ECF No. 19 at 15-16. Plaintiff further reiterates that he was not alleging disability based on cognitive impairment. *Id.* at 16. Defendant argues the ALJ reasonably noted the lack of explanation or objective basis for the opinion, making the marked and severe limits at odds with the mostly normal mental status exam. ECF No. 21

at 15-16. Defendant further argues the ALJ reasonably found the opinion inconsistent with the longitudinal record's generally intact mental status findings and Plaintiff's average to high average memory and IQ testing. *Id.* at 16.

The Court finds the ALJ did not err. He discussed the most important factors of consistency and supportability, and reasonably interpreted the record as inconsistent with the marked and severe ratings in Dr. Morgan's opinion, pointing to the largely normal findings at the exam with Dr. Morgan and at various other exams. The ALJ's assessment is supported by substantial evidence.

### 4. *ARNP Angela Combs.*

In March 2020, Plaintiff's treating provider Angela Combs completed a medical source statement assessing numerous marked and severe limitations on Plaintiff's work-related functional abilities and opining he would miss four or more days of work per month and would be off-task over 30% of the time. Tr. 750-53. She noted Plaintiff had several symptoms of traumatic brain injury that greatly impacted his functioning, including difficulty thinking and remembering, difficulty making and keeping relationships, and difficulty with attention, focus, and concentration. Tr. 753.

The ALJ found this opinion unpersuasive, noting there was no explanation for the ratings given and they were inconsistent with Ms. Combs' own treatment notes characterizing Plaintiff's condition as moderate. Tr. 25. The ALJ further noted the opinion relied on the diagnosis of traumatic brain injury, which there was no objective evidence of. *Id.* Finally, the ALJ found the opinion inconsistent with the longitudinal record showing generally intact mental status exams. *Id.*

Plaintiff argues Ms. Combs provided detailed rationale, including noting the various signs and symptoms Plaintiff had of TBI. ECF No. 19 at 16-18. He additionally argues that while there may not be records detailing his remote brain injury, multiple treating sources have detailed the effects and symptoms. *Id.* Defendant argues the ALJ reasonably found the opinion to be poorly explained and

undermined by Ms. Combs' own evidence, including that there was no objective basis for the opinion. ECF No. 21 at 15-17.

The Court finds the ALJ did not err. He discussed the supportability and consistency factors, noting the lack of explanation included in the opinion and the lack of supportive evidence for the TBI diagnosis or symptoms. While Plaintiff offers an alternative interpretation of the evidence, the ALJ's interpretation is reasonable and thus will not be disturbed. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**C.    Step Two.**

Plaintiff argues the ALJ erred at step two by failing to find ADHD, scoliosis and migraines to be severe impairments. ECF No. 19 at 18.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 404.1520(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ made findings regarding each of the challenged conditions. He found there was no documentation of treatment for migraines, despite Plaintiff's testimony that he had seen a neurologist and tried everything to treat them. Tr. 18.

The ALJ found the record contained insufficient findings to establish the diagnosis of ADHD. *Id.* And the ALJ found Plaintiff's scoliosis to be mild, based on imaging showing only eight degrees of curvature. *Id.*

The Court finds the ALJ did not err. Plaintiff has failed to challenge the ALJ's rationale for finding these impairments to be non-severe or not medically determinable, stating only that the conditions are included in the record. ECF No. 19 at 18. The ALJ addressed each of these conditions at step two, offering rationale for his findings. Tr. 18. The Court finds the ALJ's discussion is supported by substantial evidence.

D.   **Step Three.**

Plaintiff argues the ALJ erred at step three by failing to consider Listing 11.02 for migraines and improperly found Plaintiff's mental conditions did not meet or equal a listing. ECF No. 19 at 18-19.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d). The burden of proof is on the claimant to establish he meets or equals any of the impairments in the Listings. *See Tackett*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526).

The Court finds no error. With respect to migraines, the ALJ did consider listing 11.02 and found it was not met or equaled. Tr. 19. Plaintiff has not offered any analysis of the record or pointed to any objective evidence establishing the criteria of the listing. ECF No. 19 at 19. Plaintiff's argument with respect to the

mental listings is based on his assertion that the ALJ improperly rejected the various psychological opinions in the file. *Id.* However, as the Court finds the ALJ did not err with respect to the evaluation of the medical opinions, this argument is without any merit.

E. **Step Five.**

Plaintiff argues that the ALJ erred in his step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 19 at 20-21. Plaintiff's argument depends on successfully showing that the ALJ erred in his treatment of the symptom statements and medical opinions or at one of the other steps of analysis. *Id*. Because the Court finds that the ALJ did not harmfully err in his assessment of the evidence, Plaintiff's argument is without merit.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 6, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE